UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD BROWN (#122225)                                CIVIL ACTION

VERSUS

WARDEN CORNEL H. HUBERT, ET AL.                       NO. 07-0715-RET-CN

<u>NOTICE</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, October 22, 2008.

_____
MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD BROWN (#122225)**                                     **CIVIL ACTION**

**VERSUS**

**WARDEN CORNEL H. HUBERT, ET AL.**                            **NO. 07-0715-RET-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendant Cornel Hubert, rec.doc.no. 18. This motion is not opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Cornel H. Hubert and Dr. Harris, complaining that the defendants have violated his constitutional rights by subjecting him to unconstitutional conditions of confinement at EHCC, notably in the form of improper hygienic supplies for the maintenance of dental health.[1]

The defendant moves for summary judgment moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the record of the plaintiff's administrative remedy proceedings, excerpts from the plaintiff's medical records, and the affidavits of Rhonda Z. Weldon, Dr.

---

[1] The record reflects that attempts by the United States Marshal's Office to serve defendant Dr. Harris have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on this defendant's behalf, stating that they need a first name in order to identify the person to be served. See rec.doc.no. 14. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendant Dr. Harris be dismissed, without prejudice.

Roscoe Harris and defendant Cornel H. Hubert

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Initially, it is unclear from the plaintiff's Complaint whether he has sued defendant Hubert in his individual and/or his official capacity. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendant in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendant in his official capacity.

Turning to the plaintiff's claims against defendant Hubert in the defendant's individual capacity, the plaintiff alleges in his Complaint that, while housed in administrative segregation at EHCC in May, 2007, he was not allowed to use toothpaste but was issued a half teaspoon of baking soda daily with which to brush his teeth. The plaintiff asserts that because of the use of baking soda, he developed a gum infection which made his gums bleed and which caused him pain. In addition, when he sought assistance from the prison dentist, his complaints were not

adequately addressed.

In response to the plaintiff's allegations, defendant Hubert asserts the defense of qualified immunity.  Specifically, the defendant contends that the plaintiff has failed to make sufficient allegations of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  Second, the district court must determine whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.  In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because the plaintiff has failed to allege facts in the Complaint which would support a finding that the defendant participated in any violation of the plaintiff's constitutional rights.

Undertaking the Saucier analysis, the Court concludes that the defendant's motion is well-taken and the plaintiff's allegations fail to overcome the assertion of qualified immunity.

In order to recover under the Eighth Amendment, the law is clear that there must be a showing by the plaintiff that a defendant has explicitly recognized and disregarded a serious risk of harm to an inmate's health or safety. The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate standard to apply in cases of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In other words, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A prison official acts with deliberate indifference when he is both aware of facts from which an inference may be drawn that a substantial risk of serious harm exists to an inmate, and when he in fact draws that inference. Farmer v. Brennan, supra.

The affidavit of defendant Cornel Hubert reflects that for a period of time at EHCC, inmates housed in administrative segregation were issued baking soda instead of toothpaste in order to brush their teeth. According to the affidavit of dentist Dr. Roscoe Harris, this policy was approved by Dr. Harris and does not present a health hazard, particularly inasmuch as some commercial brands of toothpaste contain and utilize baking soda. Pursuant to this policy, the plaintiff was issued a daily allotment of baking soda for the 57 days that he was housed in

administrative segregation. He has since been transferred out of administrative segregation, and in any event, defendant Hubert attests that the policy of providing baking soda has been discontinued at EHCC.

Although, under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred from the obviousness of the substantial risk, Farmer v. Brennan, supra, applying this standard to the plaintiff's claim in the instant case fails to result in any conclusion or in any reasonable inference that defendant Hubert recognized and disregarded an excessive risk of harm to the plaintiff's health or safety. Notwithstanding the plaintiff's belief that he is entitled to compensation, there is no indication that the defendant was by his actions deliberately indifferent to the plaintiff's health or safety. The mere fact that the plaintiff may have been provided with baking soda instead of toothpaste for a period of 57 days does not establish deliberate indifference on the part of the prison administration. Deliberate indifference requires a culpable state of mind on the part of prison officials. Farmer v. Brennan, supra. In the absence of any allegation of actual knowledge or awareness on the defendant's part that the baking soda was harmful or that the plaintiff was likely to sustain serious harm, the plaintiff's claim sounds more in the nature of a claim of negligence which is not actionable under § 1983. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Accordingly, the Court finds that the plaintiff's claim relative to being provided baking soda instead of toothpaste fails to state a claim of constitutional dimension and that the defendant is entitled to judgment as a matter of law.

Finally, the plaintiff in this case has offered no opposition whatever to the defendant's Motion for Summary Judgment. Nor has he

submitted any affidavit or other evidence suggesting that there is any substantive merit to his claim. In this regard, it is clear that a party may not rest upon mere allegations or denials contained in his pleadings in opposing a motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984). In order to meet his burden, the party opposing a motion "may not sit on [his] hands, complacently relying" on the pleadings. Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990). The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987). Upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute the defendant's motion in this case, summary judgment should be granted in favor of the defendant as a matter of law.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's claims against defendant Harris be dismissed, without prejudice, for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.  It is further recommended that the Motion for Summary Judgment of defendant Cornel Hubert, rec.doc.no. 18, be granted, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, October 22, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**