UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD BROWN (#122225)**                                              CIVIL ACTION

**VERSUS**

**WARDEN CORNEL H. HUBERT, ET AL.**                              NO. 07-0715-RET-CN

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 7, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

1

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RONALD BROWN (#122225)**                                        **CIVIL ACTION**

**VERSUS**

**WARDEN CORNEL H. HUBERT, ET AL.**                               **NO. 07-0715-RET-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's response to the Court's Order, rec.doc.no. 24, which directed the plaintiff to provide to the Court an explanation for the lateness of filing of his notice of appeal and advise the Court of his purported good faith and excusable neglect with regard to such late filing.

The above-captioned proceeding was dismissed by Judgment entered on January 3, 2009. Allowing thirty (30) days from that date, the plaintiff's notice of appeal was due on or before January 5, 2009. Notwithstanding, the plaintiff filed a "Motion to Proceed with Appeal" on January 29, 2009 (the envelope utilized to forward this notice to the Court reflects a postmark of January 26, 2009). Interpreting the plaintiff's motion as a request for extension of time, the Court directed the plaintiff to provide an explanation for this late filing.

When evaluating excusable neglect under rule 4(a)(5), this Court relies upon the following standard:

> The determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Stotter v. University of Texas at San Antonio, 508 F.3d 812 (5th cir. 2007).

1

In his response, the plaintiff states merely that because there are only two inmate counsels at his place of confinement and because he knew he could not wait for assistance from these persons, he prepared his appeal himself. In the Court's view, this is not an adequate explanation. The rules are clear that a notice of appeal must be filed within thirty (30) days of entry of judgment. The plaintiff has been proceeding pro se in this case from its inception, and he is aware of his responsibility to comply with procedural rules and of the purported lack of assistance that he could expect to obtain from the inmate counsels. Had the plaintiff moved for an extension of time prior to expiration of the 30-day time limit, this Court may have been more inclined to grant same. Having waited more than three weeks after expiration of the time limit to file his motion for leave to proceed, however, the Court finds that the plaintiff has not shown excusable neglect for his failure to comply with the clearly established procedural rule. <u>Cf.</u>, <u>Estrada v. United States</u>, 2007 WL 2809907 (N.D. Tex. Sept. 27, 2007)(extension denied where inmate made unsubstantiated allegations of an inability to file timely pleadings); <u>Sprint Communications Co. v. Ucon Telecommunications Network, Inc.</u>, 138 Fed.Appx. 607 (5th Cir. 2005)(extension denied where excusable neglect was appellant's asserted inability to find replacement attorneys after entry of judgment).

<u>RECOMMENDATION</u>

It is recommended that the plaintiff be determined to have failed to show good faith and excusable neglect for his late appeal and that his motion for an extension of time to appeal, rec.doc.no. 23, be denied.

Signed in chambers in Baton Rouge, Louisiana, April 7, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

3